

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-25-00330-CR

———————————————

MARC ANTHONY EVANS, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 16th District Court
Denton County, Texas
Trial Court No. F24-1317-16

---

Before Birdwell, Bassel, and Womack, JJ.
Memorandum Opinion by Justice Womack

**MEMORANDUM OPINION**

Appellant Marc Anthony Evans pleaded guilty[1] to the second-degree felony offense of aggravated assault with a deadly weapon. *See* Tex. Penal Code § 22.02(a), (b). The trial court found Evans guilty and heard punishment evidence, sentencing Evans to twenty years' confinement in the Institutional Division of the Texas Department of Criminal Justice.[2] *See id.* §§ 12.33(a), 22.02(b).

Evans's court-appointed appellate counsel has filed a motion to withdraw as counsel and a supporting brief in which he avers that, in his professional opinion, this appeal is frivolous. Counsel's brief professionally evaluates the appellate record and demonstrates why no arguable grounds for relief exist; the brief and withdrawal motion thus meet the requirements of *Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967). *See Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991).

---

[1]The trial court certified Evans's right to appeal as to punishment only.

[2]During the punishment hearing, the trial court also assessed punishment for an assault-family-violence misdemeanor offense from the same transaction as the aggravated-assault-with-a-deadly-weapon offense. The trial court ordered that the sentence for Evans's assault-family-violence conviction would run concurrent with the sentence for his aggravated-assault-with-a-deadly-weapon conviction. The only conviction before this court on appeal is Evans's felony conviction for aggravated assault with a deadly weapon.

Counsel has also complied with the requirements of *Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014).[3]

After an appellant's court-appointed counsel files a motion to withdraw on the ground that an appeal is frivolous and fulfills *Anders*'s requirements, we must independently examine the record for any meritorious ground that may be raised on the appellant's behalf. *See Stafford*, 813 S.W.2d at 511. Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed counsel's brief[4] and the appellate record. Additionally, Evans sought access to the appellate record and filed a pro se response to

---

[3]In *Kelly*, the Court of Criminal Appeals listed additional tasks an appointed counsel who files an *Anders* brief must perform:

> He must write a letter to (1) notify his client of the motion to withdraw and the accompanying *Anders* brief, providing him a copy of each, (2) inform him of his right to file a *pro se* response and of his right to review the record preparatory to filing that response, . . . (3) inform him of his *pro se* right to seek discretionary review should the court of appeals declare his appeal frivolous, . . . [and] (4) take concrete measures to initiate and facilitate the process of actuating his client's right to review the appellate record, if that is what his client wishes.

436 S.W.3d at 319 (footnote omitted). The Court also required counsel to supply the appellant with the mailing address for the court of appeals. *Id.* at 320.

[4]The State elected not to file a response to counsel's *Anders* brief.

the *Anders* brief. We have also reviewed the pro se brief, but his response does not reveal any meritorious grounds for direct appeal.[5]

We agree with counsel that an appeal would be wholly frivolous and without merit; we find nothing in the appellate record that might support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006).

We grant counsel's motion to withdraw and affirm the trial court's judgment.

---

[5]In his response, Evans proposes two points of error. First, he asserts that he received ineffective assistance of counsel in a myriad of ways: (1) failure to investigate charges and to seek or review discovery; (2) failure to call defense witnesses; and (3) failure to investigate and present mitigating evidence at sentencing. Evans argues that these cumulative errors resulted in a miscarriage of justice. But "[d]irect appeal is usually inadequate for raising an ineffective-assistance-of-counsel claim because the record generally does not show counsel's reasons for any alleged deficient performance." *Rachal v. State* 725 S.W.3d 152, 154 (Tex. App.—Fort Worth 2025, pet. ref'd). And having reviewed the record, we agree with Evans's appellate counsel that there is nothing to suggest that his trial counsel's performance was deficient or that any such deficiency prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). Indeed, the record reflects that trial counsel reviewed discovery and called nine witnesses to testify during the sentencing.

Second, Evans also asserts that the trial court should not have refused to hear his pro se motion for new trial. Although an evidentiary hearing on a motion for new trial is not an absolute right, *see Reyes v. State*, 849 S.W.2d 812, 816 (Tex. Crim. App. 1993), the trial court here did hold a motion for new trial hearing, and Evans testified during the hearing. Prior to the hearing, Evans's appellate counsel and Evans—pro se—had each filed a motion for new trial just one day apart from one another. We see no reason to require the trial court to hold two separate hearings, nor has Evans supplied any legal authority to support his argument.

/s/ Dana Womack

Dana Womack
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  July 30, 2026